IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CRIMINAL NO. 13-149-CG |
| | ) | |
| ERICA POPPOFF, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On August 9, 2013, Defendant Erica Poppoff moved to suppress "the government's evidence and to dismiss the charge against her." (Doc. 15 at 3–4.) After an evidentiary hearing, the court denied that motion in open court. (Doc. 24.) The matter comes before the court on Popoff's motion to reconsider that order. (Doc. 27.)

To start, it is worth noting that the line of cases that deal with protective sweeps Popoff cites did not form the basis for the court's decision. Instead, the court relied on *U.S. v. Lewis*, 674 F.3d 1298 (11th Cir. 2012), which held that officers performing a *Terry* stop on one suspect were allowed to briefly detain his three associates "in light of the substantial risks to the officers' safety," *id.* at 1309. Based on *Lewis*, the court found at the hearing that a brief protective detention of Popoff was justified under the circumstances. Nothing in Popoff's motion (which makes no mention of *Lewis*) convinces the court that conclusion was in error.

Nor do Popoff's other arguments merit reconsideration. For instance, Popoff insists that her initial detention eventually developed into an illegal arrest. Even assuming that Popoff's detention did at some point develop into an illegal arrest (it didn't), the evidence Popoff seeks to exclude was obtained before that point; Popoff had given her name and offered her I.D. within a few minutes after she was handcuffed, well before her protective detention even arguably could have morphed into an illegal arrest. Similarly, although Popoff argues that she never her gave consent for law enforcement to retrieve her I.D. from her purse, the court finds that the evidence admitted at the hearing proved otherwise.

Accordingly, Popoff's motion to reconsider (Doc. 27) is **DENIED**.

**DONE and ORDERED** this 30th day of August, 2013.

/s/ Callie V.S. Granade
**UNITED STATES DISTRICT JUDGE**